IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 Case No. 19-10056-JWB

SIMON ROCHEL-CERVANTES,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss the indictment. (Doc. 14.) The government has filed its response. (Doc. 15.) For the reasons stated herein, Defendant's motion to dismiss (Doc. 14) is DENIED.

**I. Background**

Defendant is charged with one count of being unlawfully found in the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). (Doc. 11.) The indictment alleges that Defendant is a citizen of Mexico, that he was previously removed or deported, and that he was found on March 5, 2019,[1] in the District of Kansas, having voluntarily re-entered without obtaining consent to reapply for admission to the United States. (*Id.*)

Defendant's motion argues that "no predicate removal order that comports with due process exists" and therefore the government "is incapable of proving its case as a matter of law…." (Doc. 14 at 20-21.) The motion alleges that Defendant's deportation occurred in 2000,

---

[1] Defendant's motion alleges that he was actually found in Kansas Department of Corrections (KDOC) custody on February 29, 2007, while serving a 184-month sentence, and he was interviewed at that time by Immigration and Customs Enforcement (ICE) officers. Defendant was allegedly transferred to federal custody in 2019 pursuant to an ICE detainer filed with the KDOC. (Doc. 14 at 2.)

and that the proceedings began with service of a notice to appear ("NTA") that alleged Defendant was subject to removal under section 212(a)(6)(A)(i) of the Immigration and Nationality Act. The NTA directed Defendant to appear before an immigration judge to show cause why he should not be removed from the United States, but it did not provide a date, time, or location where removal proceedings were to occur. Rather, the NTA stated the date was "To Be Calendared" at a time "To Be Set." As to the location of the proceedings, the NTA referenced "Attachment A," which stated in relevant part: "Your Notice to Appear is not being filed with the Office of the Immigration Judge at this time. At the time the Notice to Appear is filed, you will be notified of the street address, city, state, and zip code of the Office of the Immigration Judge having jurisdiction over your case." (Doc. 14-2.) The form contained a notice of rights, including an explanation of the right to be represented by an attorney and a statement that the hearing would not be set earlier than ten days from the date of the notice to allow Defendant sufficient time to secure counsel. (*Id.* at 3.) Defendant executed a portion of the form permitting a waiver of the ten-day period and requesting an immediate hearing. (*Id.*) A certificate of service by the ICE agent indicates Defendant was personally served with the NTA on January 6, 2000, and was given a list of attorneys providing free legal services. (*Id.*)

On February 9, 2000, an immigration judge entered a stipulated order directing that Defendant be removed to Mexico on the charges contained in the NTA.[2] (Doc. 14-1.) The order stated that it was based on Defendant's admissions and a "Stipulated Request" for a final order of

---

[2] Defense counsel states that the discovery provided by the government did not include any NTA other than the one referenced above with Attachment A, which stated that the NTA was not then being filed. (Doc. 14 at 2-3.) The government does not mention this issue in its response. The stipulated order of the immigration judge, however, indicates that the NTA was filed, as the judge's order states that the charges in the NTA provide the basis for Defendant's removal. (Doc. 14-1.)

removal dated January 31, 2000.[3] The immigration judge's order indicated that Defendant waived his right to appeal. (*Id.*)

Defendant argues the NTA was defective for failing to specify a date and time for the hearing, as explained in *Pereira v. United States,* 138 S. Ct. 2105 (2018). Because *Pereira* holds that a document lacking such information does not constitute a "notice to appear" within the meaning of 8 U.S.C. § 1229(a), Defendant argues the immigration court lacked subject matter jurisdiction to order his removal. This is so because the regulations provide that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service," and Defendant argues that an NTA under § 1229(a) constitutes the charging document for these purposes. (Doc. 14 at 7) (citing 8 C.F.R. § 1003.14(a)). Absent an NTA satisfying § 1229(a), he contends, his removal proceedings were void and in violation of due process. (Doc. 14 at 12-13.) Defendant contends the indictment must be dismissed as a result. Defendant acknowledges there is conflicting case law on this issue after *Pereira*, and that two circuit courts have taken a position inconsistent with his argument. (*Id.* at 13-14.) But he points out the Tenth Circuit has not ruled on the issue, and he maintains that cases such as *United States v. Virgen-Ponce*, 320 F. Supp. 3d 1164 (E.D. Wa. 2018), which dismissed a § 1326 indictment based upon *Pereira*, are more persuasive.

Defendant also argues the immigration judge who ordered his removal was not appointed to his position in a manner consistent with the Appointments Clause of the Constitution. (Doc. 14 at 21-24) (citing U.S. Const., art. II, § 2, cl. 2.) Defendant argues this failure makes the removal order invalid and prevents the government from meeting its burden of proof on the present charge. (*Id.* at 24.)

---

[3] The Stipulated Request is not included in the materials now before the court.

## II. Discussion

A. *Pereira jurisdictional challenge*. Neither party has requested an evidentiary hearing or challenged the facts alleged in the briefs. The court accordingly accepts as uncontested the non-conclusory facts set forth in the briefs and those shown in the documents attached to the briefs. Defendant's argument essentially asserts that the immigration court lacked jurisdiction when entering the deportation order due to the defective NTA; that the order is therefore void; and that, as a result, this matter must be dismissed because the government cannot establish Defendant's guilt beyond a reasonable doubt.

The undersigned has ruled previously that the immigration court is not deprived of subject matter jurisdiction due to the service of an NTA that failed to meet the standards of *Pereira*. *See United States v. Larios-Ajualat,* No. 18-10076-JWB, 2018 WL 5013522 (D. Kan. Oct. 15, 2018), *United States v. Lira-Ramirez,* No. 18-10102-JWB, 2018 WL 5013523 (D. Kan. Oct. 15, 2018). Other judges in this district have reached a similar conclusion. *See e.g., United States v. Hernandez-Mendez*, No. 18-20055-01-DDC, 2019 WL 2120882 (D. Kan. May 15, 2019); *United States v. Garcia-Valadez,* No. 18-10144-EFM, 2019 WL 1058200 (D. Kan. Mar. 6, 2019); *United States v. Chavez,* No. 17-40106-HLT, 2018 WL 6079513 (D. Kan. Nov. 21, 2018).

As Defendant concedes, other circuit courts have found the immigration court has jurisdiction to order removal notwithstanding the use of an NTA that failed to specify the time and date of the hearing. *Karingithi v. Whitaker,* 913 F.3d 1158 (9th Cir. 2019); *Hernandez-Perez v. Whitaker*, 911 F.3d 305 (6th Cir. 2018). *Cf. United States v. Contreras-Cabrera*, ___F. App'x ___, 2019 WL 1422627 (10th Cir. Mar. 29, 2019) (concluding immigration court had jurisdiction but noting removal was conducted under a 1992 statute that did not require an NTA to contain the time and date of the hearing). *See also Szabo v. United States Attorney General,* ___ F. App'x

___, 2019 WL 2191115, *1 (11th Cir. May 21, 2019) (dismissing *Pereira*-based challenge to Board of Immigration Appeals' ruling for failure to exhaust administrative remedies and consequent lack of appellate jurisdiction); *Banegas Gomez v. Barr,* 922 F.3d 101, 110 (2d Cir. 2019) (*Pereira* "is not properly read to void *jurisdiction* in cases in which an NTA omits a hearing time or place.") (emphasis in original); *Ortiz-Santiago v. Barr*, ___F.3d ___, 2019 2171368, *1 (7th Cir. May 20, 2019) ("We thus hold, as have the Second, Sixth, and Ninth Circuits, that an Immigration Court's jurisdiction is secure despite the omission in a Notice of time-and-place information.").

The courts in this district have applied *Pereira* narrowly and denied motions to dismiss based on the arguments raised by Defendant. *See Hernandez-Mendez*, 2019 WL 2120882, at *3 (citing cases). The Tenth Circuit has yet to rule on this issue. After examining the relevant case law,[4] the court finds the immigration court did not lack subject matter jurisdiction despite the NTA's failure to specify the time and date of the removal hearing. Moreover, the court finds the prerequisites for collateral review under 8 U.S.C. § 1326(d) have not been established or excused here. Without fully restating its prior legal analysis, the court incorporates by reference its discussion of these issues in *United States v. Serrano-Ramirez*, No. 19-10024-JWB, 2019 WL 2070309 (May 9, 2019) and *Larios-Ajualat*, 2018 WL 5013522.

This case has somewhat different facts than some of the other cases decided by the undersigned, in that the record does not show that Defendant received a notice of hearing with a specific time and date after receiving the NTA. This fact, however, does not affect this court's analysis that subject matter jurisdiction is conferred under 8 U.S.C. § 1229a and is not affected by

---

[4] A survey of the case law on this issue was set forth by Judge Hanen in *United States v. Porras-Avila,* No. 19-cr-010, 2019 WL 1641191 (S.D. Tex. Apr. 16, 2019).

filing of an NTA. *See Garcia-Valadez*, 2019 WL 1058200, \*7-8; *Hernandez-Mendez*, 2019 WL 2120882, at \*3.

In summary, the court finds the subject matter jurisdiction of the immigration courts was conferred by Congress in 8 U.S.C. § 1229a and is not affected by filing of an NTA; that 8 C.F.R. § 1003.14 refers to acquisition of personal jurisdiction over a person for purposes of ordering his removal; that the regulations do not require an NTA to include the date and time of the removal hearing to constitute a "charging document" that vests the immigration court with jurisdiction (*see* 8 C.F.R. § 1003.15); and that notwithstanding the defective nature of this NTA under *Pereira*, Defendant must still meet the requirements for collateral review in § 1326(d) by showing exhaustion of administrative remedies, that he was deprived of an opportunity for judicial review, and that the removal proceeding was fundamentally unfair.

Defendant does not argue the prerequisites for collateral review under § 1326(d) are satisfied. He does not claim to have exhausted administrative remedies or to have been deprived of the opportunity for judicial review. The record of the removal proceeding indicates Defendant waived an appeal of his removal order, and Defendant does not argue the waiver was unknowingly made. Rather, Defendant argues he was "excused from the administrative and judicial review requirements because the removal order never had legal force to begin with." (Doc. 14 at 19.) For the reasons indicated above, the court concludes the immigration court had subject matter jurisdiction to order Defendant's removal. But even if the court were to find otherwise, Defendant's argument fails because Congress has limited the ability of a person charged under § 1326 to collaterally attack a deportation order. Defendant's failure to satisfy those prerequisites bars his collateral challenge. *See United States v. Almanza-Vigil*, 912 F.3d 1310, 1316 (10th Cir. 2019) (Congress codified the Fifth Amendment right to due process in § 1326(d); a non-citizen

seeking to collaterally attack a previous removal order must meet the three conditions in that provision). Nothing in § 1326(d) excuses or exempts a failure to exhaust remedies or to seek judicial review where the claimed error was jurisdictional in nature.  8 U.S.C. § 1326(d) ("an alien *may not challenge the validity of the deportation order … unless*" the alien meets three conditions) (emphasis added); *United States v. Olguin-Ibarra,* No. 18-191, 2019 WL 1029960, *5 (W.D. Tex. Jan. 7, 2019) ("there is no indication that Congress or the *Mendoza-Lopez* Court intended to treat jurisdictional defects any different than any other type of invalid or unlawful removal order."); *United States v. Gonzalez-Ferretiz*, No. 3:18-CR-117, 2019 WL 943388, at *4 (E.D. Va. Feb. 26, 2019) ("Allowing collateral challenges in Section 1326 prosecutions outside of Section 1326(d) flies in the face of the clear statutory text and Congress' intent.")

B.  *Appointments Clause.* Defendant also contends that the removal order violates the Appointments Clause to the Constitution because Defendant believes that the immigration judge who issued the order may not have been appointed by the Attorney General.  Defendant contends that there was a change in law on October 22, 2007, which required immigration judges to be appointed by the Attorney General.  (Doc. 14 at 23, citing 8 CFR § 1003.10.)  As the government points out, however, both a statute and a different regulation, which were in effect prior to 2007, required the appointment of immigration judges by the Attorney General. (Doc. 15 at 7-9.)  *See* 8 U.S.C. § 1101(b)(4); 8 C.F.R. 100.1; 62 FR 10312-01, 10330, 1997 WL 931131.  Neither party has provided the court with any facts regarding the appointment of the immigration judge who issued the order for Defendant.

Nevertheless, a challenge to the appointment of an administrative law judge must be made before the agency or it is waived.  *See Turner Bros., Inc. v. Conley*, 757 F. App'x 697, 700 (10th Cir. 2018) (holding that "Appointments Clause challenges are nonjurisdictional and may be

7

waived or forfeited.")  Defendant does not assert that he raised this argument in his immigration proceedings.  Therefore, it has been waived.

**III. Conclusion**

IT IS THEREFORE ORDERED this 28th day of May, 2019, that Defendant's motion to dismiss the indictment (Doc. 14) is DENIED.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE